UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTTER FAMILY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD POMARES,<br><br>Defendant. | Case No. 1:15-cv-00837-AWI-GSA<br><br>**FINDINGS AND RECOMMENDATIONS RE: REMAND OF ACTION TO STANISLAUS COUNTY SUPERIOR COURT**<br><br>(ECF No. 1) |

**I.    INTRODUCTION**

*Pro se* defendant Richard Pomares ("Defendant") removed this case from the Superior Court of Stanislaus County on June 2, 2015, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal ¶ 12, ECF No. 1.) Defendant contends that "[f]rom the face of the Complaint . . . it is apparent that the amount in controversy more likely than not exceeds $75,000." *Id.* at ¶ 17. He also contends that he is a resident of the state of California and that Plaintiff is a corporation with multiple principal places of business, although it is incorporated in California. *Id.* at ¶ 16.

According to the Complaint, a form complaint created by the California Judicial Council which Plaintiff filed in Stanislaus County Superior Court on March 25, 2015, this is an unlawful detainer action premised on Defendant's failure to pay rent for property at 1605 E. Rumble Road

in Modesto, California. (Unlawful Detainer Complaint, ECF No. 1, pg. 32).[1] The Complaint indicates that the amount at issue "does not exceed $10,000." *Id.* A Notice to Pay Rent or Quit attached to the Notice of Removal indicates that Plaintiff believes approximately $1,705 is owed in arrears. (ECF No. 1, pg. 43).

## II. DISCUSSION

### A. The Court Must Address Subject Matter Jurisdiction *Sua Sponte*

A district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raise[ ] the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, must be "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A defendant thus "bears the burden of establishing that removal is proper." *Id.* As a result, any ambiguities should be resolved "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Any defects in the Court's subject matter jurisdiction require remand; the duty to remand under 28 U.S.C. § 1447(c) is "mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

### B. Defendant Fails to Demonstrate that Diversity Jurisdiction Exists

28 U.S.C. § 1332(a) establishes diversity jurisdiction and provides in part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . (1) citizens of different States . . ."

In a federal action, a defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996). In an unlawful detainer action, "the right to possession alone [is] involved – not title to the property." *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011). Thus, the amount in controversy is not determined by the value of *title* to the property. Nothing indicates that the unlawful detainer complaint in this case

---

[1] Defendant has attached a wide assortment of documents to the Notice of Removal. Because there is no clear pagination or division between each of the documents, the contents will be cited according to the page numbers assigned by the ECF system and marked on the upper right hand corner of ECF No.1

seeks anywhere near $75,000. In fact, the face of the unlawful detainer complaint states that damages are less than $10,000. (Unlawful Detainer Complaint, ECF No. 1.)

Moreover, the parties in this instance are not citizens of different states. For the purposes of diversity jurisdiction, a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Corporations may thus have "dual citizenship"; even if a corporation has its principal place of business elsewhere, it can be a citizen of the state in which it is incorporated. *Albino v. Standard Ins. Co.*, 349 F.Supp.2d 1334, 1337 (C.D. Cal. 2004). Because Plaintiff is incorporated in California, it is a citizen of California. Defendant is also, by his own admission, a citizen of California.

Because the amount in controversy is less than $75,000 and the parties are both citizens of the same state, no diversity jurisdiction exists.

### III. CONCLUSION AND RECOMMENDATION

Defendant's papers fail to establish this Court's subject matter jurisdiction to support removal of the unlawful detainer action. As such, this Court RECOMMENDS that this case be REMANDED to the Superior Court of Stanislaus County, pursuant to 28 U.S.C. § 1447(c).

These findings and recommendations will be submitted to the district judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 9, 2015**            **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE